### UNITED STATES v. NEELY.

(Circuit Court, S. D. New York. March 7, 1910.)

BAIL (§ 73*)—DEPOSIT IN LIEU OF BAIL—ATTACHMENT OF DEPOSIT.

Where defendant, charged with a criminal offense against the United States and held to bail, has, pursuant to an order of the court, deposited a sum of money in its registry to secure his appearance, it would seem to be against public policy to permit the United States to attach the deposit in a civil suit, and in any event the defendant is entitled to require the action to proceed to trial without delay.

[Ed. Note.—For other cases, see Bail, Dec. Dig. § 73.*]

Action by the United States against Charles F. W. Neely. On motion to vacate attachment of deposit in lieu of bail. Motion denied.

See, also, 154 Fed. 496.

H. Melville Walker, for the motion.
Wm. L. Wemple, Asst. U. S. Atty., opposed.

COXE, Circuit Judge. In May, 1900, the defendant, who was arrested, charged with having committed an offense against the United States, deposited $20,000 for his appearance. This cash deposit was

---

in lieu of a bail bond and was made pursuant to an order of the court. While the criminal proceedings were pending the United States began a civil suit against the defendant to recover the sum of $45,375, and levied an attachment upon the $20,000 deposited in the registry of the court. In other words, the United States, having procured the deposit of $20,000 as security for the appearance of the defendant in a criminal suit, attached the same amount to pay any judgment it might recover in a civil suit.

It is certainly quite as important that criminals should be punished as that the debts due by them to the government should be paid, and it is, to my mind, a serious question whether the sovereign should be permitted to impair, if not to destroy, the security which it has compelled to insure the appearance of the alleged criminal. After the attachment was levied, assuming that the defendant owed the government $20,000, there was no security whatever for his appearance in the criminal case. Having lost his money, it is highly probable that the defendant would conclude that it would be inadvisable to run the risk of forfeiting his liberty as well. To require a party charged with crime to deposit $20,000 in order to obtain his freedom pending trial and immediately attach it in a civil suit savors of methods which cannot be commended.

In the absence of authority I hesitate to hold the proceeding to be against public policy, especially on a motion of this character, where the facts are not clearly presented. That the defendant is entitled to some relief is not seriously disputed. The civil action against him was tried in April, 1904, resulting in a disagreement of the jury. Since then nothing has been done.

The district attorney admits that there has been "unconscionable delay," but attributes it to the fact that special counsel was employed by the government, who died some years ago. The district attorney states that he is now ready to proceed with "all diligence." There is ample time to notice the trial for the next term, beginning April 4th.

The motion to vacate the attachment is denied, but with leave to renew upon proof that the cause was noticed for trial at the April term and the defendant was ready to proceed, but was prevented from doing so by the action of the government.